MILLS, Judge.
The question presented by this petition for review is whether chairpersons at Miami-Dade Community College are managerial employees as defined in Section 447.-203(4), Florida Statutes (1976). At the time the Commission considered this issue, Section 447.203(4), Florida Statutes (1975), was in effect. This section was amended and substantially reworded by the 1976 statute which is now in effect. We must apply the statute which prevails now. Managerial employees are defined in Section 447.203(4), Florida Statutes (1976), as:
“(4) “ ‘Managerial employees’ are those employees who:
(a) 1. Formulate or assist in formulating policies which are applicable to bargaining unit employees;
2. May reasonably be required on behalf of the employer to assist in the preparation for the conduct of collective bargaining negotiations;
3. Have a role in the administration of agreements resulting from collective bargaining negotiations;
4. Have a significant role in personnel administration;
5. Have a role in employee relations;
6. Are included in the definition of administrative personnel contained in s. 228.041(10) . . . ; or
7. Have a role in the preparation and administration of budgets for any public agency or institution or subdivision thereof; and
(b) Perform jobs that are not of a routine, clerical, or ministerial nature and require the exercise of independent judgment.”
To be classified as a managerial employee, the employee must meet at least one of the seven requirements under subdivision (a) and must also meet the requirements of subdivision (b).
The Commission found from the voluminous evidence adduced at the hearing that department chairpersons: “recommend new faculty members for employment and prepare recommendations for promotions and salary raises for all departmental faculty members”; “to some extent determine the subject and number of courses to be taught by other faculty members”; “adjust grievances, evaluate faculty members, and determine the utilization of department funds for traveling”; “teach classes like other faculty members although they teach a reduced load”; and have some responsibility “for hiring the necessary support personnel such as clerical employees and student assistants”. It is clear, even from this brief recitation of some of the duties and responsibilities of chairpersons, that chairpersons “perform jobs that are not of a routine, clerical, or ministerial nature and require the exercise of independent judgment”, thus fulfilling the requirements of Section 447.203(4)(b). Since chairpersons meet the requirements of Section 447.203(4)(b), if their duties and responsibilities fall within any one of the seven categories under Section 447.203(4)(a), then they must be categorized as managerial employees. Since *1056 chairpersons clearly “have a role in employee relations”, it is unnecessary to determine whether their duties fall within any of the other six categories. It is the department chairpersons who evaluate faculty members within their department and either recommend or refuse to recommend faculty members for promotions and salary raises. The chairpersons determine which faculty members will receive the department’s traveling funds and which faculty members are assigned to teach the various courses the department has scheduled. It is also the department chairperson who is responsible for adjusting grievances within the department.
It is clear from this brief summary of some of the duties and responsibilities of chairpersons that they do “have a role in employee relations”, and therefore meet the requirements of Section 447.203(4)(a).
We therefore hold that chairpersons (and program coordinators since it was stipulated that they had the same duties and responsibilities as chairpersons) at Miami Dade Community College are managerial employees within the definition of Section 447.203(4), Florida Statutes (1976). That part of the order of the Public Employees Relations Commission holding that chairpersons and program coordinators at Miami Dade Community College are not managerial employees is reversed and this case is remanded to the Commission for the entry of an order consistent with this opinion.
RAWLS, Acting C. J., and McCORD, J., concur.